Filed 10/27/15  P. v. De Leon CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063490 |
| v. | (Super.Ct.No. RIF1406969) |
| SOPHIA DE LEON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for

Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Sophia De Leon appeals from an order denying her petition to reduce her conviction to a misdemeanor, pursuant to Penal Code section 1170.18.[1] We find no error and will affirm the order.

PROCEDURAL BACKGROUND

Defendant was charged by felony complaint with possession of methamphetamine in a penal institution. (§ 4573.8, count 1.) The complaint also alleged that she had served 10 prior prison terms. (§ 667.5, subd. (b).) On May 23, 2014, defendant entered a plea agreement and pled guilty to count 1 and admitted two of the prison priors. She also admitted that she violated the terms of her mandatory supervision in a separate case (case No. RIF1305798), based on this conviction. A trial court sentenced defendant to a total term of four years in state prison, to run concurrent with her sentence in case No. RIF1305798. The court also dismissed the remaining allegations.

In November 2014, California voters approved Proposition 47 (effective November 5, 2014). (§1170.18.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.)

On December 1, 2014, defendant sent a handwritten letter to the district attorney's office, requesting to be resentenced under Proposition 47 in the instant case and a prior case.[2]

On March 12, 2015, the court denied the petition because defendant's current offense was not a qualifying felony under section 1170.18.

DISCUSSION

Defendant appealed and, upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether the court erred in denying defendant's petition for resentencing under Proposition 47. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which she has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

---

[2] This appeal only concerns the petition in the instant case.

3

## DISPOSITION

The judgment is affirmed.

HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

KING
J.

4